**RIKER DANZIG LLP**
Jeffrey A. Beer Jr., Esq.  (Bar No.134802014)
One Speedwell Avenue
Morristown N.J. 07962-1981
Telephone: (973) 538-0800
jbeer@riker.com
*Attorneys for Plaintiff Scottsdale Insurance Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>THE SPINNAKER CONDOMINIUM CORPORATION, GARY B. ELIAS and TIFFANY M. ELIAS, AALIYAH PEREIRA, Administrator of the Estate of Jose Pereira, Deceased, AALIYAH PEREIRA, Individually, JOCELYN PEREIRA, Individually, MELANIE PEREIRA, Individually, ANTONIO RIVERA, Individually, and AURORA SOTO, Individually,<br><br>Defendants. | CIVIL ACTION NO.:<br><br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Scottsdale Insurance Company ("Scottsdale") by and through its attorneys, Riker Danzig LLP, respectfully sets forth and alleges the following:

**NATURE OF THE ACTION**

1. Scottsdale brings this insurance coverage action for relief pursuant to 28 U.S.C. §§2201 and 2202 to declare the rights and obligations of the parties with respect to the defense and indemnification of defendant Spinnaker Condominium Corporation ("Spinnaker"), as well as defendants Gary B. Elias and Tiffany M. Elias (together, the "Eliases") in an underlying lawsuit filed in the Superior Court of New Jersey, Law Division, Cape May County, captioned *Aaliyah*

*Pereira, Administrator of the Estate of Jose Pereira, Deceased, Aaliyah Pereira, Individually, Jocelyn Pereira, Individually, Melanie Pereira, Individually, Antonio Rivera, Individually, and Aurora Soto, Individually v. Spinnaker Condominium Association, Gary B. Elias and Tiffany M. Elias, Reynaldo Construction, Inc. and Reynaldo Sanchez et al.*, under docket no. CPM-000075-24 (the "Underlying Action").

## **THE PARTIES**

2. Scottsdale is an Ohio corporation, with its principal place of business in Columbus, Ohio.

3. Spinnaker is a New Jersey not-for-profit corporation, with its principal place of business in Sea Isle City, New Jersey. At all relevant times hereto, Spinnaker was and is the condominium association of the property located at 3500-3700 Boardwalk, Sea Isle City, New Jersey, known as Spinnaker Towers.

4. The Eliases are individuals who, upon information and belief, reside in the State of New Jersey and, at all relevant times were and are the owners of Unit 812 of the Spinnaker Towers – South Tower, located at 3500 Boardwalk, Sea Isle City, New Jersey.

5. Decedent Jose Pereira resided in Philadelphia, Pennsylvania prior to his death and, as such, Defendant Aaliyah Pereira, Administrator of the Estate of Jose Pereira, Deceased (the "Estate"), is a resident of the State of Pennsylvania.

6. Defendants Aaliyah Pereira, Jocelyn Pereira and Melanie Pereira (collectively, the "Pereiras") are individuals who reside in Philadelphia, Pennsylvania.

7. Defendant Antonio Rivera is an individual who resides in Morrisville, Pennsylvania.

8. Defendant Aurora Soto is an individual who resides in Cherry Hill, New Jersey.

9. The Estate, the Pereiras, Rivera, and Soto are named as defendants in this lawsuit because of their status as interested parties to the instant declaratory judgment proceedings.

## JURISDICTION AND VENUE

10. This is a civil action between citizens of different states, and the amount in controversy exceeds $75,000.

11. Scottsdale is a citizen of Ohio and Arizona.

12. Spinnaker, the Eliases, and Soto are citizens of New Jersey.

13. The Estate, the Pereiras, and Rivera are citizens of Pennsylvania.

14. Accordingly, there exists complete diversity between all plaintiffs and defendants.

15. This proceeding is a declaratory judgment action commenced under 28 U.S.C. § 2201 to determine Scottsdale's obligations, if any, under a liability policy. As such, the value of the claims for which coverage is sought, together with the cost of the defense sought under the policy, determine whether the amount in controversy requirement is met for purposes of 28 U.S.C. § 1332(a)(1). Auto-Owners Ins. Co. v. Stevens & Ricci, Inc., 835 F.3d 388, 396 (3d Cir. 2016). Here, the underlying complaint seeks damages for wrongful death, and together with the cost of defense, those claims exceed the value of $75,000.

16. Venue before this District Court is proper pursuant to 28 U.S.C. §1391(a), because a substantial part of the events or omissions giving rise to the underlying tort liability claims against Spinnaker and the Eliases occurred in this judicial district, and the Underlying Action is pending within this District.

## THE SCOTTSDALE POLICY

17. Scottsdale issued a Commercial General Liability ("CGL") Policy to "The Spinnaker Condominium Corp.", bearing policy number CPS7664185, for the period of October

1, 2022 to October 1, 2023, with per occurrence limits of $1,000,000 and general aggregate limits of $2,000,000 (the "Scottsdale Policy").

18. The Scottsdale Policy only covers those persons or entities that qualify as "Insureds" as defined within the Scottsdale Policy.

19. The Scottsdale Policy's "Who Is An Insured" Provision is amended by endorsement CG 20 04 (11-85), which is entitled "Additional Insured – Condominium Unit Owners," which states in pertinent part:

> WHO IS AN INSURED (Section II) is amended to include as an insured each individual unit owner of the insured condominium, but only with respect to liability arising out of the ownership, maintenance, or repair of that portion of the premises which is not reserved for that unit owner's exclusive use or occupancy.

20. The Scottsdale Policy also contains form GLS-328s (11-20), which is titled "Injury to Employee and Worker Exclusion" (the "Injury to Worker Exclusion").

21. The Scottsdale Policy also contains endorsement no. UTS-74g (08/95), (the "Punitive Damages Exclusion").

**THE UNDERLYING ACTION**

22. On February 24, 2023, Jose Pereira was allegedly killed when a balcony collapsed on him ("the Accident") while he was performing concrete reinforcement work at 3500-3700 Boardwalk, Sea Isle City, New Jersey (the "Premises").

23. Subsequently, on February 20, 2024, Pereira's family filed the Underlying Action.

24. In the Underlying Action, it is alleged that on the date of the Accident, Pereira was an employee of Ferguson Contracting, an entity which Spinnaker had hired to perform concrete reinforcement work on the Premises.

25. The Underlying Action asserts a cause of action against Spinnaker and the Eliases for negligence, alleging either or both were responsible for the "maintenance, control, supervision,

and management" of the Premises and its balconies, and owed a duty to maintain same "in safe condition." Further, it is alleged that Spinnaker and the Eliases were negligent in failing to maintain the Premises in a safe condition, including, but not limited to "proper maintenance, upkeep, and repair of the balconies."

26. The complaint in the Underlying Action asserts claims for wrongful death, and negligent infliction of emotional distress on behalf of Soto and Rivera, the decedent's mother and brother.

27. Scottsdale is providing a defense to Spinnaker and the Eliases for the Underlying Action under a complete reservation of all of Scottsdale's rights.

## COUNT ONE
## (DECLARATORY JUDGMENT AS TO ALL DEFENDANTS)

28. Scottsdale repeats and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

29. The Scottsdale Policy includes the Injury to Worker Exclusion, which excludes coverage for "bodily injury" to "any contractor, subcontractor, sub-subcontractor or anyone hired or retained by or for any insured . . . if such 'bodily injury' arises out of and in the course of their employment or retention of such contractor, subcontractor or sub-subcontractor, regardless of whether it is caused in part by [Spinnaker]."

30. Further, the Injury to Worker Exclusion bars coverage for "bodily injury" to any "employee" of any contractor, subcontractor, or sub-subcontractor.

31. Moreover, the Injury to Worker exclusion bars coverage for "bodily injury" to any "worker," and the term "worker" is defined by the policy to mean "any person performing duties directly or indirectly related to the conduct of any business, regardless of the person or organization responsible for hiring, retaining, employing, furnishing or directing the worker."

32. The Injury to Worker Exclusion also provides that coverage is excluded for "bodily injury" to the parent or sibling of the employee or "worker" of any contractor, subcontractor or sub-subcontractor as a consequence of that employee's "bodily injury."

33. In the Underlying Action, it is alleged that at the time of the Accident, Jose Pereira was employed by Ferguson and performing work at the Premises pursuant to Ferguson's agreement with Spinnaker.

34. Jose Pereira was therefore an employee or "worker" of a contractor hired by Spinnaker.

35. As such, the Scottsdale Policy excludes coverage for Jose Pereira's alleged injuries, or the alleged injuries of his parents or siblings.

36. Further, it is alleged that Rivera, Jose Pereira's brother, was employed by Ferguson at the time Rivera witnessed the incident that led to Jose Pereira's death, which purportedly caused Rivera to suffer emotional injuries. Rivera was therefore also either an employee or "worker" of a contractor, and his alleged injuries are excluded by the Injury To Worker Exclusion for this additional reason.

37. Furthermore, the Scottsdale Policy is modified by endorsement no. UTS-74g (08/95) (the "Punitive Damages Exclusion"), which provides that "this policy does not apply to a claim of or indemnification for punitive or exemplary damages . . . . includ[ing] any damages awarded pursuant to statute in the form of double, treble, or other multiple damages . . . ."

38. Accordingly, to the extent that the Underlying Action seeks the categories of damages specified in the Punitive Damages Exclusion, the Scottsdale Policy does not provide coverage for said damages.

39. Additionally, the Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

40. To the extent the claims asserted by the Pereiras, Rivera, and/or Soto are for emotional injury, without accompanying physical bodily injury, sickness, or disease, the claims are not for "bodily injury," and therefore, coverage is not available for such claims.

41. Accordingly, Scottsdale is entitled to a declaration that coverage is not owed for the Underlying Action because, *inter alia*, coverage is excluded by the Injury to Employee Exclusion, and that therefore Scottsdale has no obligation to defend or Spinnaker or the Eliases in the Underlying Action. Further, Scottsdale is entitled to a declaration that coverage is not available for claims for punitive damages or emotional injury without accompanying physical bodily injury.

## COUNT TWO
## (DECLARATORY JUDGMENT AS TO THE ELIASES)

42. Scottsdale repeats and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

43. The Scottsdale Policy contains form CG 20 04 (11-85), which provides that condominium owners are Additional Insureds "only with respect to liability arising out of the ownership, maintenance, or repair of that portion of the premises which is not reserved for that unit owner's exclusive use or occupancy."

44. The Underlying Action contains allegations of "bodily injury" which all stem from the collapse of the balcony within the Eliases' unit – Unit 812 – of the Spinnaker Towers.

45. The collapsed balcony was a portion of the premises which was reserved for the Eliases' exclusive use or occupancy.

46. Accordingly, the claims against the Eliases are outside the additional insured coverage available under the Scottsdale Policy because the allegations of the Underlying Action

do not concern "liability arising out of the ownership, maintenance, or repair of that portion of the premises which is *not* reserved for that unit owner's exclusive use or occupancy."

47.     Therefore, the Eliases do not qualify as additional insureds under the Policy, Scottsdale has no obligation to defend or indemnify the Eliases in the Underlying Action, and Scottsdale is entitled to a declaratory judgment to that effect.

## PRAYER FOR RELIEF

WHEREFORE, Scottsdale hereby demands judgment against Defendants as follows:

1. Declaring that Scottsdale has no obligation to defend or indemnify Spinnaker and the Eliases in the Underlying Action;

2. Declaring that the Eliases are not additional insureds under the Scottsdale Policy; and

3. Granting Scottsdale such other and further relief as the Court may deem just and proper.

Dated: April 9, 2025                                By: */s/ Jeffrey A. Beer Jr.*
                                                    Jeffrey A. Beer Jr.
                                                    (ID No.134802014) .
                                                    RIKER DANZIG LLP
                                                    One Speedwell Avenue
                                                    Morristown, NJ, 07962-1981
                                                    (973) 538-0800
                                                    jbeer@riker.com
                                                    *Attorneys for Plaintiff,*
                                                    *Scottsdale Insurance Company.*

4934-1829-9950, v. 2